UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONDO J. SMITH-BEY,

    Plaintiff,

v.

HEIDI WASHINGTON, et. al.,
,

    Defendants,
_____/

Civil No. 2:20-CV-12971
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION**

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff submitted an application to proceed without prepayment of fees and costs, along with the supporting documentation. A review of these documents showed a spendable account balance in Plaintiff's prison trust account of $ 477.15, which is more than the amount of the fee to file a civil action. Plaintiff failed to establish his indigency; the Court dismissed the case. Plaintiff filed a response to the Court's order which is construed as a motion for reconsideration. For the reasons that follow, the motion for reconsideration is DENIED.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which

1

the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.* A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Plaintiff in his response does not dispute this Court's previous finding that the application to proceed without prepayment of fees and costs filed by Plaintiff showed enough money to pay the filing fee. Instead, Plaintiff alleges that the COVID-19 Pandemic caused interruptions in mail and other activities in prison. Plaintiff argues, without support, that his application to proceed without prepayment of fees and costs would now be different since he is forced to pay for certain necessities to maintain his health and well-being in prison. Plaintiff failed to attach a copy of an updated application to establish his indigency. Without any proof of the current status of his prison account, Plaintiff cannot show that this Court erred in finding that he was not indigent at the time he filed his complaint. Plaintiff's motion for reconsideration is denied; Plaintiff is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily dismissed Plaintiff's civil rights complaint. *Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

The motion for reconsideration is DENIED. The denial is without prejudice to Plaintiff filing a new complaint in a new case with the $ 350.00 filing fee plus the $ 50.00 administrative fee.

s/ Victoria A. Roberts
HON. VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: 5/6/2021